UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-01019-FDW-DCK

| | |
|---|---|
| HAIOPS LLC,<br>FINCOSA LLC, AND<br>MICHAEL BROWN,<br><br>    Plaintiffs,<br><br>    v.<br><br>LOCALREMIX LLC,<br>ROBERTO DAVID RIOS,<br>WEBMATRIX360 LLC, AND<br>RODOLFO D. RIOS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **NOTICE AND ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, (Doc. No. 3). After careful consideration, Plaintiffs' Emergency Motion for Temporary Restraining Order is **DENIED**. The Court will **DEFER** ruling on Plaintiffs' Motion for Preliminary Injunction until after a hearing on the Motion.

Based on a review of Plaintiffs' Complaint and Motion, Plaintiffs and Defendants had a business relationship until approximately December of 2023. (Doc. No. 1, p. 4.) Thereafter, the parties began negotiating how to separate their interests in the business. (Id., pp. 5–6.) Those negotiations appear to have broken down, and Plaintiffs allege Defendants recently "disabled all billing systems and revoked access to critical billing accounts" for HaiOps LLC, which also impacts Fincosa LLC. (Doc. No. 3, p. 5.) Plaintiffs argue a temporary restraining order and preliminary injunction are necessary to "protect thousands of customers who rely on Plaintiffs' impacted business critical services," such as phone lines, email service, and text messaging. (Id.,

1

pp. 5–6.) Plaintiffs allege this is damaging Plaintiffs and their customers because revenue collection has ceased, critical services are failing, and customer trust faces irreparable damage. (Id., p. 11.)

Plaintiffs have not complied with the requirements of Federal Rule of Civil Procedure 65(b), therefore a Temporary Restraining Order is inappropriate. The Court may issue a TRO without notice only where "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Based on a review of the record, Plaintiffs' pleadings contain no such certification. Further, while Plaintiffs' arguments are not without merit, the Court finds a TRO is not otherwise appropriate at this time. The Court will instead hear argument only on the preliminary injunction.

Further, the Court notes Plaintiffs filed this lawsuit *pro se*. While Plaintiff Michael Brown may represent himself, corporate entities must be represented by counsel. 28 U.S.C. § 1654 authorizes parties to "plead and conduct their own cases personally." However, corporate and other artificial entities must be represented by legal counsel in federal court. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("[T]he lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."). This rule applies to limited liability companies. See JTH Tax LLC v. Gause, No. 3:21-cv-00543-FDW-DCK, 2023 WL 2352938, at *1 (W.D.N.C. Mar. 3, 2023) (concluding default judgment was appropriate against LLC that failed to secure counsel at the court's direction); Electric Guard Dog, LLC v. Fence Hawk, Inc., 627 F. Supp. 3d 548, 551 (concluding unrepresented LLC failing to secure counsel before a hearing warranted civil contempt). For this reason, the Court DIRECTS Plaintiffs HaiOps

LLC and Fincosa LLC to secure counsel as soon as practicable, and in any event before any hearing on Plaintiffs' Motion for Preliminary Injunction.

**IT IS THEREFORE ORDERED** that Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, (Doc. No. 3), is **DENIED IN PART** without prejudice, to the extent it seeks a temporary restraining order, and the Court **DEFERS IN PART** a ruling on the Motion to the extent it seeks preliminary injunctive relief.

**TAKE NOTICE** that a hearing on Plaintiffs' Motion for a Preliminary Injunction shall take place on Monday, December 2, 2024, at 2:00 p.m. in Courtroom #5B of the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, North Carolina. At the hearing, each side shall have thirty (30) minutes for a brief presentation of critical evidence and argument. As Defendants have not yet entered an appearance, Plaintiffs are directed to serve Defendants with a copy of this Order, immediately. If Plaintiffs HaiOps LLC and Fincosa LLC have not secured counsel by December 2, 2024, the Court may continue the hearing until they have done so.

**IT IS SO ORDERED.**

Signed: November 21, 2024

Frank D. Whitney
United States District Judge