**UNITED STATES DISTRICT
COURT WESTERN DISTRICT OF
NORTH CAROLINA**

| | |
|---|---|
| Michael Brown, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) Case No. 3:24001019-FDW |
| | ) |
| v. | ) Judge _____ |
| | ) |
| Rodolfo Danny Rios, | ) |
| | ) |
| Roberto David Rios | ) |
| | ) |
| WebMatrix360 LLC | ) |
| | ) |
| LocalRemix LLC, | ) |
| | ) |
| Defendants. | ) |

Amended

**COMPLAINT FOR SPECIFIC PERFORMANCE, DECLARATORY RELIEF, BREACH
OF CONTRACT, AND OTHER RELIEF**

Plaintiff, Michael Brown, pro se, respectfully alleges as follows:

**PARTIES**

1. **Plaintiff:**

   a. Michael Brown is an individual with mailing address of 7308 E Independence

   Blvd #C-3, Charlotte, NC28227.

2. **Defendants:**

    a. Rodolfo D Rios is an individual residing in San Antonio, Texas Born on 08/11/1979 residing at 2903 Barrel Oak St, San Antonio, TX 78231

    b. ROBERTO DAVID RIOS is an individual residing in 826 SWIFT FOX, CIBOLO, TX 78108 and purported owner of LocalRemix.com and a member of LocalRemix LLC and brother of Rodolfo D Rios.

    c. WebMatrix360 LLC is an Texas registered LLC with Texas Taxpayer Number 32054322030 and Mailing Address of 2903 BARREL OAK ST SAN ANTONIO, TX 78231-1703 with a Registered Agent of PETE SAENZ III at address 9652 MCPHERSON RD., SUITE 7 LAREDO, TX 78045

    d. LocalRemix LLC is a Texas registered LLC with Texas Taxpayer Number 32081681333  and mailing address 1011 SURREY LN STE 200 FLOWER MOUND, TX 75022-4274 with Registered Agent of PEDRO I SAENZ III at address 9652 MCPHERSON RD STE 7 LAREDO, TX 78045

**JURISDICTION AND VENUE**

3. **Jurisdiction:**

This Court has jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. **Venue:**

Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the

events or omissions giving rise to these claims occurred in this District, and Defendant resides within this jurisdiction.

## FACTUAL ALLEGATIONS

a. HaiOps LLC is an Operating Company which provides critical Customer Relationship Management (CRM) services to small and medium-sized businesses. These services include customer invoicing systems, telephone services, contact management, website hosting, and email/SMS communication systems.

b. Notably these services are used by small and medium sized businesses that then in turn off these services to their own small and medium sized business customers.

c. Rodolfo Rios dissolved HaiOps LLC without winding up its affairs or notifying vendors, contractors, customers who have already paid for the services and are paying ongoing for the services.

d. Rodolfo Rios dissolved HaiOps LLC as little as 1 day before the lawsuit was filed in an attempt to avoid this very lawsuit

e. Fincosa LLC an IP Holding company which issued a license to HaiOps LLC for use of software and IP (including but not limited to brands, customers, and technology) to the Operating Company HaiOps in exchange for Rodolfo Rios personally agreeing to operate the Operating Company until the agreed upon specific event in the future, to be proved at trial. This was part of a business continuity plan (The "Business Continuity Plan")

f. The IP Holding company was designed to hold all the intellectual property and the Operating Company was designed to hold all the risk of operations.

g.  Rodolfo Rios owned the Operating Company and Brown owned the IP Holding company.

h.  In 2023 Mr Rios created credit card processing accounts to accept credit card payment from customers ("Financial Accounts").

i.  Some of these Financial Accounts hold back a percentage of revenue as a security interest to cover a risk of refund to ensure the Bank always has funds available for refunds. (The "Reserve Balance").

j.  On or around November 29th the Rios bothers started creating back doors into systems where Rodolfo provided Roberto and LocalRemix "All Access"

k.  Starting on or before December 13th 2023 Rios decided he no longer wanted to be with the Operating Company.

l.  On December 13th 2023 Rios began switching Financial Accounts to be controlled by him through the companies WebMatrix360 LLC and LocalRemix LLC using the email accounts danny.rios@webmatrix360.com and dan@onlydans.ai which directs to LocalRemix.com.

m.  On December 13th 2023 Plaintiff confronted Rios in an email asking why he is switching Financial Accounts to other businesses pointing out this is not part of the Business Continuity Plan the parties agreed to.

n.  On December 14th 2023 Rodolfo Rios communicated to Plaintiff he thinks he no longer wants to be part of the Operating Company and wants to break the IP Operating agreement with Brown and the IP Holding company and peruse other ventures.

o. Rodolfo Rios recognized that thousands of customers success depended on the success of both the Operating Company and the IP Holding Company and had customers as friends.

p. Rodolfo Rios started talking about assigning the Operating Company to Brown to continue operations with Rios breaking his Business Continuity Plan agreement.

q. On December 21st 2023 Rodolfo Rios provided his brother ROBERTO DAVID RIOS and his company LocalRemix.com believed to be owned by LocalRemix LLC "All Access" to customer information and IP of the IP Holding Company.

r. The Rios brothers then executited their conspiracy to extract customer information, IP, and money from the IP Holding company and Operating Company and to harm Plaintiff and Plaintiff EIN and SSN accounts.

s. After first talking about it, Rodolfo Rios then started working on assigning the Operating Company to Brown to continue operations for Rios breaking his agreement.

**1. Formation of "First Agreement" For Rodolfo Rios To Step Away:**

a. On April 18th 2024, Mr. Rios and Plaintiff agreed Mr. Rios would step away from the Operating Company completely and transfer all assets including financial accounts to Plaintiff.

b. On April 22nd 2024, Plaintiff confirmed this agreement replying to an email which stated "will turn over all assets including financial accounts as we decided to go our separate ways."

c. Since April 2024 Rios began the transferring accounts and logins to accounts to Plaintiff.

d.   Since on our about April 2024 Rios began telling customers and vendors he is no longer with the Operating Company.

e.   Although Rios transferred "Administrator" access to all Financial Accounts, some accounts have a super-administrator, owner, control, or signer access (the "Super-Administrator" access) Rios was delaying to give up.

f.   Plaintiff did not agree for Rios to hold accounts "hostage" with Rios as a "Super-Administrator".

g.   Rios never intended to relinquish "Super-Administrator" access, instead Rios wanted to drag out the transfer process so he can increase the Reserve Balance and attempt to switch payment to Bank accounts Defendants controlled instead of the Operating Company Bank account.

h.   Rios secretly intended for the Plaintiff and Operating Company to fail to decrease the value of the IP Holding Company's assets and revenue to Brown. While Rios would cash out Reserve Accounts instead to enrich himself instead of paying Brown.

i.   In taking over the business Plaintiff obtained a new EIN from the IRS and Received the EIN via the postal mail issued on June 21st 2024 under the Plaintiff EIN and SSN.

**1. Formation of Rios Personal Agreement (The "Second Agreement" for Rios to Step Away):**

a.   In managing, owning, and operating the business; Plaintiff discovered Rios has created two accounts using the incorrect EIN number.

b.   Rios asserted he did not make the error on the EIN.

   a.   Plaintiff believes this error was to avoid tax liability as the error was twice repeated with two different companies.

c. Rios used this EIN error as an opportunity to delay transferring the Super-Administrator access. This time personally seeking to add new conditions to transferring the "Super Administrator" access out of fear his SSN would somehow be impacted.

d. To ease Rios's concerns, Plaintiff offered to correct these errors with the IRS in a process where Plaintiff assumed responsibility of the EIN by filing a 8822-B (Change of responsible party) to correct Rios's EIN error. Plaintiff, individually, at this point has full personal liability for this EIN as with the Entity marked as "Sole Proprietor" with Plaintiff SSN (the "Plaintiff EIN and SSN").

e. On or about June 7th 2024, In reliance on Defendant Rios's agreement Plaintiff Brown submitted necessary documentation to the IRS including form 8822-B (Change of Responsible Party) waiting for confirmation in the mail.

f. In or before about June 2024, Defendant Rodolfo D Rios personally agreed and personally guaranteed once the IRS EIN number was obtained he individually would finish transferring the Super-Administrator or ownership and management of accounts including but not limited to those with EMS, Stripe.

g. Under this agreement, Defendant Rios agreed to relinquish his Super-Administrator access to Plaintiff when Plaintiff received confirmation from the IRS relating to the 8822-B (Change of responsible party).

h. The Second Agreement was supported by valid consideration, including Plaintiff's assumption of the EIN financial obligations totaling over $75,000.

**2. Relevant Terms of the Second Agreement:**

a. Defendant Rios agreed to transfer all his rights and interests in the above accounts to Plaintiff Brown.

b. Plaintiff Brown agreed to assume *personal* responsibility as signatory, personal guarantor, and account management and associated obligations with the account

c. Plaintiff agreed to assume liability for the EIN number Rios used "by mistake"

d. The parties intended for this Second Agreement to be a personal transaction between individuals removing *personal* liabilities from Defendant as a *personal* guarantor on Financial Accounts.

e. Defendant Rios agreed to provide Super-Administrator access to all accounts once the EIN issue was resolved.

f. The Financial Accounts included accounts with companies; Stripe Accounts (two accounts), Maverick Account (two accounts), and EMS accounts (two accounts).

**3. Plaintiff's Performance and Reliance On the First Agreement and Second Agreement:**

a. Plaintiff performed all requirements under both agreements

b. Plaintiff assumed ownership and management of the Operating Company

c. Rios told customers and vendors he is no longer with the Operating Company.

d. Plaintiff Brown has fully performed all obligations required under the agreement, including managing the business operations and maintaining the business account.

e. Plaintiff has been operating HaiOps LLC as Managing Director.

f. Plaintiff has undertaken investigation and correction of EIN issues as requested by Defendant.

**5. Defendants Partial Performance and Acknowledgment:**

a. Defendant demonstrated the validity of both agreements through partial performance by:

    i. Voluntarily removing himself from specific account to be proved at trial as agreed.

    ii. Transferring control of specific accounts to be proved at trial.

    iii. Relinquishing management responsibilities over specific accounts and aspects to be proved at trial.

    iv. Providing administrator login credentials on April 22nd 2024 to various accounts including Mercury, Stripe, EMS, Campaign Registry, and others.

b. Defendant repeatedly acknowledged the agreement's existence by:

    i. Informing multiple parties he was no longer associated with the business.

    ii. Acting consistently with the agreements by specific actions to be proved at trial.

    iii. Communicating with Plaintiff about implementing the agreement terms.

    iv. Making repeated phone calls to Financial Accounts relating to the transfer

c. In reliance on Defendant's partial performance and acknowledgments, Plaintiff:

    i. Assumed significant financial obligations exceeding $75,000.

    ii. Took over operational responsibilities and ownership of accounts.

    iii. Filed necessary documentation with the IRS to correct EIN issues.

    iv. Attempted to work with Financial Account providers to implement ownership changes.

    v. And other significant facts to be proved at trial.

## 6. Demands Ignored

a. Plaintiff informed Rios on a group call with his lawyer that Plaintiff received confirmation Plaintiff is in control of the EIN.

b. At Rios's lawyers request a "plan" was provided for detailing the remaining steps of the transfer of the Super-Administrator access.

c. Plaintiff provided this plan to Rios and his attorney which involved; Rios turning over Super-Administrator access and then Plaintiff would update the EIN and other details on the account.

d. Plaintiff did not receive any communications or responses after this despite numerous calls, emails, and text message until his lawyer emailed the Operating Company has been dissolved affecting the Plaintiff EIN and SSN

e. November 19th Rios revoked access and control to Financial Accounts causing critical business impairment including all credit card payments to fail for the business leaving business customers without service or without a way to pay and unable to get refunds should they request one affecting the Plaintiff EIN and SSN.

f. After the preplanning on December 13th 2023 where Rios began switching Financial Accounts to be controlled by him through the companies WebMatrix360 LLC and LocalRemix LLC using the email accounts danny.rios@webmatrix360.com and dan@onlydans.ai which directs to LocalRemix.com. Now these Defendants have full control over these accounts locking Plaintiff out.

g. Notably at least some of these account use or have used the Plaintiff EIN and SSN

h. Now Customers who already paid for services will not get the services they already paid for and ongoing business critical services such as phone, email, and SMS used by customers and customer customers will fail.

i. Notably this impacts customers' customers which affect revenue and refunds tied to Plaintiff EIN and SSN

7. **Resulting Harm to Plaintiff:**

a. On or about November 19th Defendant Rios states the Operating Company has been dissolved breaking the agreement to transfer Rios interest in the company to Brown individually and harming the Plaintiff EIN and SSN

b. Defendant Rios's breach has exposed Plaintiff Brown to personal liability exceeding $75,000 under the Plaintiff EIN and SSN

c. Defendants redirected deposits from accounts *in Browns EIN number* leaving Brown with the Tax liability and Defendants with the money.

d. Defendant Rios caused harm and ongoing damage to the Business without notice

e. Plaintiff Brown cannot effectively manage the accounts in dispute due to Defendant Rios's continued interference and control.

f. Defendants conspired to tortiously interfere with accounts under Plaintiff EIN and SSN for the Operating Company and deny Plaintiff ownership under Plaintiffs agreement with Defendant Rios in order to obtain the Reserve Balance, Customer information, and other IP for Rios personally, LocalRemix LLC, and WebMatrix360 LLC.

g. Plaintiff will suffer irreparable reputational damage due to Defendant's breach and obstructive actions.

h.  Thousands of small and medium business customers and in turn their customers are will have loss of services including critical email and phone service affecting accounts under Plaintiff EIN and SSN

i.  Plaintiff will suffer irreparable reputation harm and damage to the business through customers cancelling service and lost revenue from signups including revenues exceeding $75,000 affecting accounts under Plaintiff EIN and SSN

## CAUSES OF ACTION

### COUNT I: SPECIFIC PERFORMANCE (Against Defendants Rodolfo Rios, Roberto Rios, LocalRemix LLC and WebMatrix360 LLC)

8.  Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

9.  The agreement between Plaintiff and Defendant Rodolfo Rios constitutes a valid and enforceable contract between individuals.

10. Plaintiff Brown has fully performed all conditions required under the agreement.

11. Defendant Rios has breached the agreement by failing to individually transfer accounts ownership to Plaintiff as stipulated.

12. Plaintiff's have no adequate remedy at law because: a. The unique nature of the account ownership rights cannot be adequately compensated by money damages alone. b. Continued uncertainty and lack of control over the business accounts cause ongoing and irreparable harm to Plaintiff.

13. Specific performance is appropriate to enforce the agreement as intended by the parties.

### COUNT II: DECLARATORY RELIEF (Against Defendants Rodolfo Rios)

14. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

15. An actual and justiciable controversy exists between Plaintiff Brown and Defendant Rodolfo Rios regarding: a. The parties' respective rights and obligations under the personal agreement. b. The proper ownership, control, and liability of the accounts. C. Accounts belonging to the Plaintiff EIN and SSN and the revenue being deposited to Rodolfo Rios improperly.

16. Plaintiff Brown seeks a declaratory judgment that: a. The agreement between the parties is valid and enforceable. b. Defendant Rodolfo Rios is obligated to transfer accounts ownership to Plaintiff Brown. c. Defendant is prohibited from interfering with Plaintiff Brown's ownership rights and business operations and revenues related to the Plaintiff EIN and SSN

**COUNT III: BREACH OF CONTRACT (Against Defendants Rodolfo Rios, LocalRemix LLC and WebMatrix360 LLC)**

17. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

18. The agreement between Plaintiff Brown and Defendant Rodolfo Rios constitutes a valid contract supported by adequate consideration.

19. Plaintiff Brown has performed all obligations required under the agreement.

20. Defendant Rodolfo Rios has materially breached the agreement by:

    a. Failing to transfer accounts ownership as agreed.

    b. Interfering with Plaintiff Brown's exercise of ownership rights.

    c. Interfering with accounts tied to the Plaintiff EIN and SSN

d. Refusing to fulfill his contractual obligations despite Plaintiff's full performance.

21. As a direct result of Defendant's breach, Plaintiff Brown has suffered damages exceeding $75,000, in addition to ongoing operational, reputational harm, and loss of revenue affecting the Plaintiff EIN and SSN.

## COUNT IV: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS (Against Defendants Rodolfo Rios, Roberto Rios, LocalRemix LLC and WebMatrix LLC)

22. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

23. Plaintiff maintains valid business relationships with numerous small and medium-sized business customers who rely on Plaintiff's services performed under the Plaintiff EIN and SSN for critical business operations including invoicing, telephone service, contact management, and website hosting.

24. Defendants Rodolfo Rios, WebMatrix360 LLC, and LocalRemix LLC knew of these business relationships.

25. Defendants intentionally and maliciously interfered with these relationships by:

a. Rodolfo Rios dissolving the Operating Company without winding down operations affecting the Plaintiff EIN and SSN.

b. Disabling access and maintaining improper access to critical financial accounts on November 19th, 2024 affecting the Plaintiff EIN and SSN.

c. Deliberately destroying API connections necessary for customer billing affecting the Plaintiff EIN and SSN.

d. Transferring control of accounts to sites owned by WebMatrix360 LLC and LocalRemix LLC without business justification instead of to the agreed Plaintiff EIN and SSN.

e. Changing merchant account email to OnlyDans.ai and WebMatrix360.com which direct to LocalRemix.com to enrich Defendants instead of to Plaintiff.

26. Defendants' interference has caused immediate and irreparable harm including:

f. Complete cessation of revenue due to inability to bill customers affecting the Plaintiff EIN and SSN.

g. Disruption of essential customer services including email, SMS, and phone services affecting the Plaintiff EIN and SSN.

h. Loss of access to customer payment information due to account takeover and payment information being tied to the account for PCI (Payment Card Industry) compliance requirements.

i. Damage to ongoing business relationships with customers affecting the Plaintiff EIN and SSN.

j. Harm to downstream customers who rely on Plaintiff's services.

27. As a direct result of Defendants' tortious interference, Plaintiff has suffered damages exceeding $75,000, in addition to ongoing and irreparable harm to business operations and customer relationships.

28. Defendants' actions serve no legitimate business purpose as to take control of customers billing information when they have provided no service to these customers.

29. Defendants' actions contradict prior agreement and partial performance.

**COUNT V: CONVERSION (Against Defendants Rodolfo Rios, Roberto Rios, LocalRemix360 LLC and WebMatrix LLC)**

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

2. Plaintiff has a right to possession of the Reserve Balance and financial accounts as the rightful owner of the Operating Company and IP Holding Company especially with accounts under the Plaintiff EIN and SSN.

3. Defendants have wrongfully exercised dominion and control over:

   a. The Reserve Balance held in the merchant accounts under the Plaintiff EIN and SSN.

   b. The Operating Company's financial accounts and payment processing systems which should have been transferred to Plaintiff

   c. The IP Holding Company's IP, brands, and customer data affecting Plaintiff personal interests.

   d. Customer billing information and payment tokens under the Plaintiff EIN and SSN

4. Defendants' actions constitute unlawful conversion of Plaintiff's property and revenues under the Plaintiff EIN and SSN.

5. As a direct result, Plaintiff has suffered damages exceeding $75,000.

**COUNT VI: CIVIL CONSPIRACY (Against Defendants Rodolfo Rios, Roberto Rios, LocalRemix360 LLC and WebMatrix LLC)**

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

2. Defendants Rodolfo Rios, David Rios, WebMatrix360 LLC, and LocalRemix LLC entered into an agreement to:

   a. Divert control of the Operating Company's financial accounts under Plaintiff EIN and SSN

   b. Transfer accounts to email addresses controlled by their entities

   c. Disable the Operating Company's ability to process payments under Plaintiff EIN and SSN

   d. Interfere with the IP holding of the IP Holding Company affecting Plaintiff personal interests

   e. Conspire to decrease the asset values of the IP Holding Company by causing the Operating Company to intentionally fail affecting Plaintiff personal interests.

   f. Extract value from Plaintiffs assets by providing "all access" to information.

3. Defendants took overt acts in furtherance of the conspiracy, including:

   a. Changing merchant account emails to OnlyDans.ai and WebMatrix360.com instead of Plaintiff

   b. Coordinating the transfer of accounts between their entities  instead of Plaintiff

   c. Utilizing customer information to enhance the marketing of their entities, which information and revenues was tied to Plaintiff EIN and SSN.

   d. Simultaneously disabling access to critical systems causing loss to Plaintiff EIN and SSN.

    e.   Removing Rodolfo Rios from certain business activity "on paper" when he's really "pulling the strings"

    f.   Rodolfo Rios providing David Rios, WebMatrix360 LLC, and LocalRemix LLC "All Access" to IP of the IP Holding Company affecting Plaintiff personal interests.

**4.** As a direct result, Plaintiff has suffered damages exceeding $75,000.

## COUNT VIII: UNJUST ENRICHMENT (Against Defendants Rodolfo Rios, Roberto Rios, LocalRemix LLC and WebMatrix LLC)

**1.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**2.** Defendants have been unjustly enriched by:

    a.   Retaining control over the Reserve Balance under the Plaintiff EIN and SSN.

    b.   Maintaining control over customer payment information under the Plaintiff EIN and SSN

    c.   Utilizing assets tied to the Plaintiff EIN and SSN for their own benefit

    d.   Receiving deposits from accounts in Browns EIN number leaving Brown with the Tax liability and Defendants with the money.

**3.** It would be inequitable to allow Defendants to retain these benefits.

**4.** Plaintiff is entitled to restitution of all amounts wrongfully retained by Defendants.

## COUNT IX: PROMISSORY ESTOPPEL (Against Defendants Rodolfo Rios)

**1.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

2. Defendant Rios made clear promises to:

    a. Transfer all assets including financial accounts to Plaintiff.

    b. Relinquish Super-Administrator access upon Plaintiff assuming personal responsibility for the EIN.

    c. Add Plaintiff individually as the responsible individual party on financial accounts

    d. Add Plaintiff individually as the personal guarantor, where required, on the financial accounts

    e. Complete the transfer of Operating Company control to Plaintiff

3. Plaintiff reasonably relied on these promises by:

    a. Assuming Operating Company management responsibilities

    b. Filing IRS documentation as the sole owner under penalty of perjury.

    c. Taking over operational duties

4. Defendant's failure to honor these promises has caused Plaintiff substantial harm.

## COUNT X: FRAUDULENT INDUCEMENT (Against Defendant Rodolfo Rios)

5. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

6. Defendant Rodolfo Rios knowingly and intentionally made material misrepresentations to Plaintiff Michael Brown regarding his intentions and obligations under the agreements, including:

    a. His promise to transfer financial accounts, Reserve Balances, and control of the Operating Company to Plaintiff.

      b.  His promise to relinquish "Super-Administrator" access to financial accounts once Plaintiff resolved the EIN issue.

      c.  His assurance that the Operating Company and its accounts would remain operational and be transferred fully to Plaintiff.

7.  At the time Defendant Rios made these representations, he had no intention of performing his promises and obligations. Instead, he intended to:

      a.  Delay the transfer of financial accounts and Reserve Balances.

      b.  Dissolve the Operating Company and redirect its assets or control to entities he controlled, such as LocalRemix LLC and WebMatrix360 LLC.

      c.  Sabotage the business operations and harm Plaintiff's financial and reputational interests.

8.  Defendant Rios made these misrepresentations with the intent to deceive Plaintiff and induce him to:

      a.  Assume personal financial obligations and liabilities, including those tied to the Plaintiff EIN and SSN.

      b.  Take over operational responsibilities for the business.

      c.  Correct EIN errors caused by Defendant Rios to mitigate tax liability risks.

      d.  Continue managing and maintaining the business, which benefitted Defendant Rios and his affiliates.

9.  Plaintiff reasonably and justifiably relied on Defendant Rios's misrepresentations by:

 a. Assuming financial and operational responsibilities for the business.

 b. Filing necessary IRS documentation to correct the EIN errors.

 c. Managing the business under the Plaintiff EIN and SSN and absorbing associated liabilities.

 d. Continuing operations under the belief that Defendant Rios would fulfill his obligations.

10. As a direct and proximate result of Defendant Rios's fraudulent inducement, Plaintiff has suffered significant damages, including:

 a. Financial losses exceeding $75,000 due to unpaid obligations, redirected funds, and operational disruptions.

 b. Personal liability for the EIN and SSN obligations, including tax liabilities and Reserve Balance shortfalls.

 c. Reputational harm and loss of business opportunities.

 d. Irreparable harm to the Operating Company and Plaintiff's financial interests.

11. Defendant Rios's actions were willful, intentional, and malicious, warranting an award of punitive damages to deter similar conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests that this Court:**

1. **Order Specific Performance** requiring Defendant Rodolfo Rios to transfer Super-Administrator access on the Financial Accounts to Plaintiff Brown as per the original agreement and the Second Agreement;

2. **Order Specific Performance** requiring Defendant Rodolfo Rios to remove himself from Financial Accounts as per the original agreement and the Second Agreement;

3. **Enter a Temporary Restraining Order and Preliminary Injunction:**

    1. Prohibiting Defendants from further interference with Plaintiff personal interest in the financial accounts

    2. Require Defendants to add Plaintiff as the sole individual responsible for the accounts

    3. Requiring immediate restoration of all API connections and account access related to the Plaintiff EIN and SSN

    4. Preventing Defendants from accessing or using customer information related to the Plaintiff EIN and SSN

    5. Requiring preservation of all Reserve Balances under the Plaintiff EIN and SSN and those where the Plaintiff EIN and SSN had not added updated as agreed by Defendant Rodolfo Rios

    6. Prohibiting transfer or dissipation of any assets or funds under the Plaintiff EIN and SSN.

4. **Issue a Declaratory Judgment establishing:**

    1. The validity and enforceability of both agreements between Plaintiff Brown and Defendant Rodolfo Rios

    2. Plaintiff Brown's exclusive right to ownership and control of all business accounts

    3. Defendants' obligations under the agreements

    4. Requiring Defendant Rodolfo Rios to add the Plaintiff EIN and SSN to all accounts

    5. Requiring Defendant Rodolfo Rios to cancel the order or dissolution of the Operating Company and transfer Rodolfo Rios' interest in the Company to Brown.

    6. Prohibition against Defendants' interference with business operations relating to the Plaintiff EIN an SSN

5. **Award Monetary Damages including:**

    1. Compensatory damages exceeding $75,000

    2. Lost profits and revenue related to the Plaintiff EIN and SSN

    3. Damages for reputational harm to Plaintiff and related to the Plaintiff EIN and SSN

    4. Damages for loss of business opportunities related to the Plaintiff EIN and SSN

    5. Punitive damages for intentional and malicious conduct related to the Plaintiff EIN and SSN

    6. Consequential damages from business disruption to Plaintiff and related to the Plaintiff EIN and SSN

6. **Order Disgorgement of:**

1. All Reserve Balances wrongfully retained

2. All profits derived from wrongful use of assets under the Plaintiff EIN and SSN

3. All benefits obtained through unjust enrichment from the Plaintiff EIN and SSN

**7. Enter a Permanent Injunction:**

1. Prohibiting Defendants from interfering with Plaintiff agreements or accounts under the Plaintiff EIN and SSN

2. Requiring return of all property and information under the Plaintiff EIN and SSN

3. Prohibiting use of customer information obtained under the Plaintiff EIN and SSN

    d. Barring competition using misappropriated resources

**8. Order Defendants to:**

1. Update all EIN information on relevant accounts to Plaintiff's EIN

2. Transfer "Super-Administrator" access to Plaintiff.

3. Return all customer data and payment information

**9. Award Plaintiff:**

1. Reasonable attorneys' fees

2. Court costs

3. Pre-judgment and post-judgment interest

4. Expert witness fees

10. **Grant Such Other and Further Relief** as the Court deems just and proper.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury on all issues so triable.**

Dated: November 22ᵗʰ 2024

Respectfully submitted,

Michael Brown, *pro se*

Individually

## Certificate of Compliance

The undersigned hereby certifies that on November 22, 2024, he filed the foregoing In person with the Court's help to file in the CM/ECF system of said filing.

     The length of this brief is 4268 words.

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal rescarch sources Westlaw, L.exus, lastCase, and Bloomberg;

Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

     Dated: November 22, 2024.


By: _____
Michael Brown
Individually