IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-01019-KDB-DCK

| | |
|---|---|
| MICHAEL BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>LOCALREMIX, LLC;<br>ROBERTO DAVID RIOS;<br>WEBMATRIX360, LLC; AND<br>RODOLFO D. RIOS,<br><br>    Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Amended Motion for a Preliminary Injunction (Doc. No. 9). The Court has carefully considered this motion, the evidence presented by Plaintiff in the record and oral argument from Plaintiff at the hearing on the motion on December 18, 2024. Although the record reflects that each Defendant has been served, Doc. Nos. 5, 15, 16, and, according to Plaintiff, had notice of the hearing, none of the Defendants participated in the hearing. As described below, the Court will **GRANT** Plaintiff's motion and enter the following Preliminary Injunction against Defendants LocalRemix, LLC; WebMatrix360, LLC and Roberto David Rios (who are hereafter referred to collectively as "Defendants").[1]

---

[1] On December 19, 2024, the Court docketed a Suggestion of Bankruptcy as to Rodolfo D. Rios which was filed on December 18, 2024, after the hearing on this motion. Accordingly, this Order shall be issued only against the three other named Defendants (although it may apply to Rodolfo D. Rios to the extent he acts in concert with the named Defendants who are subject to this injunction).

1

## **FINDINGS OF FACT and CONCLUSIONS OF LAW**

1. This Court has jurisdiction over the subject matter of this case and over Defendants;

2. Venue in this district is proper, and Defendants have been properly served with process under Federal Rule of Civil Procedure 4;

3. Plaintiff has shown a likelihood of success on the merits. There is good cause to believe that Defendants have engaged in and are likely to engage in acts that violate agreements with Plaintiff regarding transfer of assets and accounts;

4. There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of agreements with Plaintiff unless Defendants are restrained and enjoined by Order of this Court;

5. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for Plaintiff and affected third parties will occur from the continued interference with accounts and diversion of funds by Defendants unless they are restrained and enjoined by Order of this Court;

6. There is good cause for issuing this Order pursuant to Federal Rule of Civil Procedure 65;

7. The equities favor Plaintiff; and

8. This Order is in the public interest.

## **DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1. **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or

claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures " "general intangibles " "inventory " "checks " or "notes " (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2. **"Corporate Defendant"** means WebMatrix360, LLC, a Texas limited liability company, and LocalRemix, LLC a Texas limited liability company, and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

3. **"Defendant(s)"** means Individual Defendant Roberto David Rios and the Corporate Defendant, individually, collectively, or in any combination.

4. **"Document(s)"** is equal in scope and synonymous in meaning to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

5. **"EIN Account(s)"** means any Financial Account with Electronic Merchant Services (EMS) accounts ending in 8123 and 8053, Stripe accounts ending in "QX6oY" or "4ZpM7", or Maverick currently or previously in the name of HaiOps LLC; as well as any account currently or previously in the name of or related to HaiOps LLC.

6. **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

7. **"Individual Defendant"** means Roberto David Rios, and by whatever other names he may be known.

8. **"Person(s)"** means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, sole proprietorship, association, cooperative, or any other group or combination acting as an entity.

9. **"Plaintiff"** means Michael Brown.

## I.
## PROHIBITED BUSINESS ACTIVITIES

**IT IS ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promoting, offering for sale, sale, or provision of any good or service, are hereby restrained and enjoined from:

1. Interfering with any of Plaintiff's accounts or business dealings or companies;
2. Maintaining any Financial Account under Plaintiff's EIN or SSN;
3. Disabling, restricting, or interfering with any systems or accounts previously

accessible to Plaintiff;

4. Diverting any funds generated or received by any EIN Account(s).

## **II.**

## **ASSET FREEZE**

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, except as provided herein, as directed by further order of the Court, are hereby restrained and enjoined from the following related to **EIN Account(s):**

    A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the United States, related to the **EIN Account(s):**

        1.    Owned, controlled or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

        2.    In the actual or constructive possession of any Defendant; or

        3.    In the actual or constructive possession of, or owned, controlled, held by, subject to access by, or belonging to, any other corporation, partnership, trust, or

5

any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind, either within or outside the territorial United States;

    B.    Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant related to the **EIN Account(s);** or

    C.    Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant related to the **EIN Account(s).**

The funds, property, and assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order. To the extent needed to comply with VI of this Order, this section shall not apply.

6

Case 3:24-cv-01019-KDB-DCK   Document 19   Filed 12/19/24   Page 6 of 13

**III.**

**FINANCIAL STATEMENTS**

**IT IS FURTHER ORDERED** that each Defendant shall serve upon the Plaintiff, no later than five (5) business days after service of this Order, a completed financial statement accurate as of the date of entry of this Order, on the forms served on Defendants for the Individual Defendant and for Corporate Defendants, as the case may be, signed under penalty of perjury.

The financial statements shall include assets held outside the territory of the United States, shall be accurate as of the date of the entry of this Order, and shall be verified under oath. Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements.

**IV.**

**MAINTAIN RECORDS**

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

    A.    Failing to make and keep books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash

disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the incomes, disbursements, transactions, dispositions, and uses of Defendants' assets;

B. Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically stored materials, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant.

## V.

### **PROHIBITION ON DISCLOSING CUSTOMER INFORMATION**

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

A. Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, e-mail address, credit card number, bank account number, or other financial or identifying personal information of any person from

8

whom or about whom any Defendant obtained such information in connection with activities alleged in the Plaintiff's Complaint; and

B. Benefiting from or using the name, address, birth date, telephone number, e-mail address, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the Plaintiff's Complaint;

*Provided, however,* that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## VI.

## **MANDATORY ACTIONS**

**IT IS FURTHER ORDERED** that:

A. Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, shall fully cooperate with Plaintiff and this cooperation and assistance shall include and be limited to:

B. Require Defendant to restore the banking information to a Plaintiff controlled account for all deposits from EIN Account(s).

C. Transfer to Plaintiff via wire transfer all funds received from all EIN

9

Account(s) including dates both before and after this order;

  D. Transfer Payment Card Information data from all EIN Account(s) including any closed or deleted EIN Account(s) to an account to which Plaintiff has access;

  E. Transfer to Plaintiff via wire transfer all funds generated under Plaintiffs EIN ending in 7181, including but not limited to the approximately $26,000 deposit; and

  F. Provide a full accounting of all revenue received or held in any way related to Plaintiff or Plaintiff's complaint since April 22, 2024.

## VII.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 3l(a)(2)(A), the parties are granted leave, at any time after entry of this Order to:

  A. Take the deposition of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any

10

evidentiary privileges to this action; and

        B.       Demand the production of documents from any person, whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action.

Seven (7) calendar days' notice shall be deemed sufficient for any such deposition and five (5) calendar days' notice shall be deemed sufficient for the production of any such documents, including documents that are maintained or stored only as electronic data. The provisions of this Section shall apply both to parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 3l(a)(2)(A). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section XIII of this Order.

11

## VIII.

## **DISTRIBUTION OF ORDER BY DEFENDANTS**

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to EIN Account(s), each of their corporations, subsidiaries, affiliates, partners, divisions, sales entities, successors, assigns, members, officers, directors, employees, independent contractors, agents, servants, attorneys, spouses, representatives, and any other persons in active concert or participation with them.  Within five (5) calendar days following service of this Order, Defendants shall file with this Court and serve on the Plaintiff an affidavit identifying the name, title, addresses, telephone numbers, date of service, and manner of service of the persons and entities Defendants have served with a copy of this Order in compliance with this provision.

## IX.

## **SERVICE OF THIS ORDER**

**IT IS FURTHER ORDERED** that copies of this Order may be distributed by United States First Class Mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees of the Plaintiff, by any law enforcement agency, or by private process server, upon any person, financial institution, or other entity that may have possession or control of any property, property right, document, or asset of any Defendant, or that may be subject to any provision of this Order.  Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XIV.

## CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, any consumer reporting agency may furnish a consumer or credit report concerning any Defendant to the Plaintiff.

## XV.

## SERVICE UPON PLAINTIFF

**IT IS FURTHER ORDERED** that Defendants shall serve all pleadings, memoranda, correspondence, affidavits, declarations, or other documents related to this Order or the Plaintiff's motion for a preliminary injunction by: e-mail at CaseWDNC@igmail.com; hand delivery to the address of the PLAINTIFF at 7308 E Independence Blvd #C-3, Charlotte, NC28227, to the attention of Michael Brown, or overnight shipment through a third-party commercial carrier for delivery at the address listed above.

## XVI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 19, 2024

Kenneth D. Bell
United States District Judge